**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

BENJAMIN EARL TOTTRESS,                        )
                                               )
               Plaintiff,                     )
                                               )
v.                                             )
                                               )
CITY OF TULSA, a municipal corporation         )      Case No. 10-CV-478-GKF-FHM
of the State of Oklahoma; TULSA POLICE         )
DEPARTMENT; COUNTY OF TULSA                    )
COUNTY, STATE OF OKLAHOMA,                      )
and the BOARD OF COMMISSIONERS                 )
OF TULSA COUNTY; TULSA COUNTY                  )
DISTRICT ATTORNEY'S OFFICE;                    )
JAMES HAWKINS, Tulsa County                    )
Assistant District Attorney; TULSA             )
COUNTY SHERIFF'S DEPARTMENT; and               )
STANLEY GLANZ, Sheriff of Tulsa County,        )
                                               )
               Defendants.                    )

## OPINION AND ORDER

Before the court are the Motion to Dismiss of defendants County of Tulsa County and

Board of County Commissioners of Tulsa County, Tulsa Sheriff's Department and Sheriff

Stanley Glanz [Dkt. #9] (collectively, "Tulsa County") and the Motion to Dismiss of defendants

City of Tulsa and the City of Tulsa *ex rel* Tulsa Police Department [Dkt. #14] (collectively,

"City"].

Plaintiff's Complaint asserts a claim under 42 U.S.C. § 1983 for violation of plaintiff's

Fourth and Fourteenth Amendment rights, as well as common law claims.  Plaintiff alleges he

was arrested by the Tulsa Police Department on May 8, 2007, and charged by the Tulsa County

1

District Attorney's Office with first degree murder, shooting with intent to kill and robbery with a firearm. [Dkt. #2, ¶14]. All charges against him were dismissed and he was released from custody on August 27, 2007. [*Id.,* ¶15]. Plaintiff was arrested again on October 1, 2007, and charged again with the same crimes, plus an additional count of conspiracy. [*Id.,* ¶16]. He alleges that during his incarceration, numerous hearings were passed over his objection at the request of the District Attorney. [*Id.,* ¶17]. On March 4, 2008, the original three counts were dismissed, and on March 17, 2008, he bonded out of custody. [*Id.,* ¶¶18-19]. The remaining conspiracy count against plaintiff was dismissed at the request of the State of Oklahoma on March 17, 2009. [*Id.,* ¶20].

In his first cause of action, plaintiff asserts a claim of negligent hiring, training and supervision against the Tulsa County Board of County Commissioners, Tulsa County District Attorney's Office and Hawkins. He alleges defendants "had a duty to properly train and supervise its agents, employees and anyone acting on its behalf in the investigation and prosecution of persons so that individuals were not subjected to unreasonable, duplicitous and vexatious prosecution and imprisonment," [*Id.,* ¶22], and that they "breached the duty owed to Plaintiff by failing to exercise reasonable care in the hiring, training and supervision of its employees and agents such that Plaintiff was unreasonably prosecuted and falsely imprisoned for over two years." [*Id.,* ¶24].

In his second cause of action, plaintiff asserts a claim for malicious prosecution against the Tulsa County District Attorney's Office and the County of Tulsa, alleging "it is the policy, practice and custom of the office to continuously arrest and prosecute persons without probable cause who have committed no crime." [*Id.,* ¶28].

In his third cause of action, plaintiff asserts a claim for negligence against all defendants, alleging defendants "had a duty to use reasonable care in the arrest and prosecution of Plaintiff," [*Id.,* ¶31], and defendants "breached said duty by failing to exercise reasonable care in the arrest and prosecution of Plaintiff, by arresting and subjecting him to prosecution multiple times after the original charges were dismissed, by keeping him imprisoned under the custody of the state for crimes he did not commit and which the State had no reasonable basis for pursuing and by failing to promptly and expeditiously investigate and review his case such that he remained in custody for nine (9) months of his life for crimes for which he was innocent." [*Id., ¶*32].

Plaintiff's final cause of action is against the Tulsa County District Attorney's Office and County of Tulsa for false arrest and false imprisonment.  He alleges his Fourth and Fourteenth Amendment rights to be free from unreasonable seizure of his person and unreasonable searches of his property were violated "when *twice*, claiming to act under proper legal authority, they unlawfully detained and then arrested plaintiff without any probable cause or reasonable basis for believe [*sic*] that Plaintiff had violated the law."  [*Id.,* ¶36].

Plaintiff seeks punitive and actual damages. [*Id.*, ¶¶24, 29, 34, 38, 41].

Both the City and County Defendants assert that plaintiff's claims are time barred and that the complaint fails to state a claim upon which relief can be granted.  Additionally, the County Defendants argue the suit should be dismissed because plaintiff failed to serve them within the 120-day time limit set by Fed.R.Civ.P. 4(m).

## Section 1983 Claim

The statute of limitations for § 1983 actions is governed by the forum state's law applicable to personal injury actions.  *Board of Regent v. Tomanio,* 466 U.S. 478, 483-84 (1980). In Oklahoma, the statute of limitations is two years.  *Price v. Philpot,* 420 F.3d 1158, 1162 (10th

Cir. 2005).   Although state law governs statute of limitations issues, federal law determines the *accrual* of § 1983 claims.  *Baker v. Board of Regents,* 991 F.2d 628, 632 (10th Cir. 1993). "[S]ince the injury in a § 1983 case is a violation of a Constitutional right, such claims accrue when the plaintiff knows or should have known that his or her Constitutional rights have been violated."  *Smith v. City of Enid,* 149 F.3d 1151, 1154 (10th Cir. 1998) (quotations and citations omitted).   "Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur."  *Beck v. City of Muskogee Police Dept.,* 195 F.3d 553, 558 (10th Cir. 1999).

Plaintiff's § 1983 claim is based on alleged unreasonable seizure of his person and unreasonable searches of his property.  Therefore, under *Beck,* his claim arguably accrued at the time of his first arrest on May 8, 2007.  In any event, it accrued no later than his second arrest on October 7, 2007.   This action was not commenced until July 26, 2010.  [Dkt. #2].  Therefore, his § 1983 claim is time barred.

## Common Law Claims

Plaintiff's  remaining claims are common law claims over which this court declines to exercise pendent jurisdiction.

## Conclusion

For the foregoing reasons, defendants' Motions to Dismiss [Dkt. ## 9, 14] are granted.[1]

ENTERED this 23rd day of September, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

---

[1] No motion to dismiss was filed on behalf of defendant James Hawkins, Tulsa County Assistant District Attorney. However, *sua sponte* dismissal is permissible when it is patently obvious plaintiff could not prevail on the facts alleged and amendment would be futile.  *McKinney v. State of Okl., Dept. of Human Servs.,* 925 F.2d 363, 368 (10th Cir. 1991).